JO-ANNA M. NIEVES (SBN 276807)
DARRYL STALLWORTH (SBN 163719)
**THE NIEVES LAW FIRM, APC**
160 Franklin St. Ste. 210
Oakland, CA 94607
P: 510.879.7549
F: 877.272.5339
E: info@thenieveslawfirm.com
*Attorneys for Defendant*
HAKIM MOHAMMED SABREE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND VENUE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br><br>HAKIM MOHAMMED SABREE,<br><br>Defendant. | Case No. 4:25-CR-00065-JST-01<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>Date: October 3, 2025<br>Time: 9:30 AM<br>Court: Hon. Jon S. Tigar |

## I. INTRODUCTION

Pursuant to a Plea Agreement, Mr. Hakim Mohammed Sabree entered a plea of guilty to a violation of Aiding and Abetting False Tax Returns, 26 U.S.C. § 7206(2). The offense is a Class E felony. The United States Probation Office has prepared a Presentence Report (PSR) and concluded that the advisory United States Sentencing Guideline in this case is Total Offense Level 17, Criminal History Category I.

Mr. Sabree comes now before the Court requesting that the Court find a sentence that is "sufficient, but not greater than necessary." To achieve the goal of said sentencing, we request a sentence of three years probation with a condition of 90 days of home detention.

///

///

## II. BACKGROUND

Hakim Sabree was born 77 years ago in Berkeley, California, and he is the oldest of three siblings. Mr. Sabree's father was not a regular part of his life as he lived in Dallas, Texas, and Mr. Sabree visited him annually until he was 10 years old, after which their contact was only by telephone. Mr. Sabree was raised in Oakland, California, by his mother, maternal grandmother, two uncles, and an aunt.

Mr. Sabree was married twice and has three children. His youngest child, a son, died in 2020, at the age of 44, from complications from HIV. Mr. Sabree converted to Islam in his early 20s and relishes his role as a grandfather.

Mr. Sabree graduated from Fremont High School in Oakland, attended Laney College for a year and then transferred to U.C. Berkely where he studied Political Science. He left U.C. Berkley before graduating because he was newly married and had started working. Before retiring in approximately 2024, owned and operated his own tax preparation business for 15 years.

While Mr. Sabree has prior contact with the criminal legal system, he is a Criminal History Category I. His prior federal conviction, which happened more than 35 years ago, resulted in a significant prison sentence and his supervised release was extended to allow him additional time to pay restitution which nearly doubled his term of supervision.

In recent years, Mr. Sabree has been faced with several chronic health conditions – high blood pressure, high cholesterol, type 2 diabetes, glaucoma, hip pain stemming from arthritis, and reoccurring migraines. At the age of 77, Mr. Sabree finds himself devoting considerable time to managing medications and medical appointments in an effort to manage is chronic conditions.

## III. APPLICABLE SENTENCING LAW

The landmark decision in *United States v. Booker*, 160 L. Ed. 2d 621, 125 S.Ct. 738 (2005), changed sentencing in the Federal Courts. ***Booker*** renders the Guidelines as advisory only, and instructs the sentencing courts to consider the Guidelines in context of all of those

1  factors enumerated in Title 18 USC 3553(a).  The Court found that the mandatory application of

2  the Guidelines was unconstitutional.

3     ". . . Section 3553(a) remains in effect, and sets forth numerous factors that guide
4     sentencing. Those factors in turn will guide appellate courts, as they have in the
       past, in determining whether a sentence is unreasonable." ***Booker***, at 660-661.
5

6     The Supreme Court addressed the issue of the "presumption of reasonableness" of a

7  within Guidelines sentence in *Rita v. United States*, 551 S.Ct. 338, 127 U.S. 2456, 168 L.Ed. 2d

8  203 (2007) and instructed that a within Guideline sentence is presumed reasonable only upon

9  **appellate review**. The Court stated:

10
11    "We repeat that the presumption before us is an *appellate* court presumption. Given
       our explanation in *Booker* that appellate "reasonableness" review merely asks
12    whether the trial court abused its discretion, the presumption applies only on
       appellate review.  The sentencing judge, as a matter of process, will normally begin
13    by considering the presentence report and its interpretation of the Guidelines.  *18
       U.S.C. § 3552(a); Fed. Rule Crim. Proc. 32.*  He may hear arguments by
14    prosecution or defense that the Guidelines sentence should not apply, perhaps
       because (as the Guidelines themselves foresee) the case at hand falls outside the
15    "heartland" to which the Commission intends individual Guidelines, to apply,
       *USSG § 5K2.0*, perhaps because the Guidelines sentence itself fails properly to
16    reflect *§ 3553(a)* considerations, or perhaps because the case warrants a different
       sentence regardless.  See *Rule 32(f)*.  Thus, the sentencing court subjects the
17    defendant's sentence to the thorough adversarial testing contemplated by federal
       sentencing procedure.  See *Rules 32(f), (h), (i)(1)(C)* and *(i)(1)(D)*, see also *Burns
18    v. United States, 501 U.S. 129, 136, 111 S. Ct. 2182, 115 L.Ed. 2d 123 (1991)*
       (recognizing importance of notice and meaningful opportunity to be heard at
19    sentencing).  In determining the merits of these arguments, the sentencing court
       does not enjoy the benefit of a legal presumption that the Guidelines sentence
20    should apply.  *Booker, 543 U.S. at 259-260, 125 S.Ct. 738, 160 L. Ed. 2d 621.*" at
       351.
21

22
23
24 Further, the Court instructed:

25    "The fact that we permit courts of appeals to adopt a presumption of reasonableness
       does not mean that courts may adopt a presumption of unreasonableness.  Even the
26    Government concedes that the appellate courts may not presume that every variance
       from the advisory Guidelines is unreasonable."  at 354.
27

28

---

*United States of America v. Hakim Sabree* (4:25-CR-00065-JST-01)
**DEFENDANT'S SENTENCING MEMORANDUM**

In *Nelson v. United States*,129 S. Ct. 890, 892, 172 L.Ed. 2d 719 (2009), perhaps as a reminder and definitely for emphasis, the court stated:

> "Our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable."

The Ninth Circuit reiterated this premise in *United States v. Edwards*, 595 F.3d 1004, 1015 (9th Cir. 2010) ([The Court] cannot presume a sentence is substantively unreasonable only because it falls outside the range recommended by the Sentencing Commission).

Indeed, in *Irizarry v. United States*, 128 S.Ct. 2198, 2202, 171 L.Ed. 2d 28 (2008), the Court ruled that a variance from the sentencing Guideline range did not even require notice to the parties.

The Ninth Circuit was heard on the presumption of reasonableness and directed that even on appeal the presumption of a Guideline sentence may not be reasonable.  It stated:

> ". . . A court of appeals may *not* presume that a non-Guidelines sentence is *un*reasonable.  Although a court may presume on appeal that a sentence within the Guidelines range is reasonable, *id*, we decline to adopt such a presumption in this circuit."  *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

The Guideline range is simply the beginning of the analysis for sentencing, not the end.  The Ninth Circuit stated:

> "'The Guideline's factor may not be given more or less weight than any other.'  So while the Guidelines are the 'starting point and initial benchmark' and must 'be kept in mind throughout the sentencing process,' the Guideline's range constitutes only a touch-stone in the district court's sentencing consideration." *United States v. Autery*, 555 F.3d 864, 8l72 (9th Cir. 2009)

*United States v. Ressam*, 629 F.3d 793, 828 (9th Cir. 2012) (en banc), defined "substantive reasonableness:

> "A substantively reasonable sentence is one that is sufficient, but not greater than necessary to accomplish §3553(a)(2)'s sentencing goals.  The touchstones of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 USC §3553(a).  In determining substantive reasonableness, we are to consider the totality of the circumstances,

including the degree of variance for a sentence imposed outside the Guidelines range."

The Supreme Court has articulated the process by which sentencing and appellate courts must implement the findings in **Booker**, including the admonition of **Rita**. The court has directed:

> "As we explained in *Rita*, a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. . . .  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.  The Guidelines are not the only consideration, however.  Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, he may not presume that the Guidelines range is reasonable. . . .  He must make an individualized assessment based on the facts presented.  If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.  We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one.  After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.
>
> . . . Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.  When conducting this review, the court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness. . . .  But if the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness.  It may consider the extent of the deviation, but must give due deference to the district court's decision that the §3553(a) factors, on a whole, justify the extent of the variance.  The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."  *Gall v. United States*, 128 S.Ct. 586, 596-597, 169 L. Ed. 2d 445 (2007) (citations and footnotes omitted).

The Court must now consider 18 USC 3553(a) in its entirety and impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph

(2) of this subsection."  The court, in determining the particular sentence to be imposed, shall consider –

> (1)    The nature and circumstances of the offense and the history and characteristics of the defendant; and
>
> (2)    The need for the sentence imposed --
>
> > (a)    to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense;
> >
> > (b)    to afford adequate deterrence to criminal conduct;
> >
> > (c)    to protect the public from further crimes of the defendant; and
> >
> > (d)    to provide the defendant with needed education or vocational training, medical care or other correctional treatment in the most effective manner.

The sentencing court is now required to consider factors that the Guidelines effectively prohibited from consideration (i.e.: Age, USSG 5H1.1; Education and Vocational Skills, USSG 5H1.2; Mental and Emotional Condition, USSG 5H1.3; Physical Condition Including Drug or Alcohol Dependence, USSG 5H1.4; Employment, USSG 5H1.5; Family Ties and Responsibilities, USSG 5H1.6; Socio-economic Status, USSG 5H1.10; Civic and Military Contributions, USSG 5H1.11; and Lack of Youthful Guidance, USSG 5H1.12).  *United States v. Ameline*, 409 F.3d 1073, 1093 (9th Cir. 2005) (*en banc*).  To consider the "history and characteristics of the defendant," the Court must now consider factors the Guidelines previously eschewed.

Finally, the Supreme Court has cautioned that respect for the law is promoted in many ways, not always measured by the strictness of sentences or the nature of harsh sanctions.  The Court stated:

> ". . . Moreover, the unique facts of Gall's situation provide support for the District Judge's conclusion that, in Gall's case, "a sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing."  *Gall*, *id.*, at 599.

The Ninth Circuit has reiterated this notion in *United States v. Edwards*, 595 F.3d 1004, 1016 (9th Cir. 2010), wherein the court concluded that the "fact of a felony conviction," plus probation with appropriate conditions are measures sufficient, but not greater than necessary to achieve the objectives in 3553(a).

In order to meet the mandate of the *Booker* remedy, then, this court must calculate the appropriate guidelines ranges and may consider appropriate departures. It must also apply the 3553(a) factors and address any other specific characteristics of the defendant or his offense that might impact the determination of a "reasonable" sentence under the particular circumstances of this case. The court must then consider the statutory parsimony provision and impose a sentence "sufficient," but not greater than necessary to comply with the purpose set forth in [§3553(a)(2).]" The district court's sentencing decision will then be subject to an abuse-of-discretion review by the circuit. See, *United States v. Treadwell,* 593 F.3d 990, 999 (9th Cir. 2010) (reversal is appropriate only if district court's sentence is "illogical, implausible, or without support in inferences that may be drawn from facts in the record.")

## IV. A SENTENCE SUFFICIENT BUT NOT GREATER THAN NECESSARY

Mr. Sabree agrees with the guideline calculations in the Presentence Investigation Report (PSR) – a total offense level of 17 and a Criminal History Category of I, resulting in a guideline range of 24 to 30 months. Mr. Sabree further agrees with the probation officer that a sentence below the guideline range is warranted. However, Mr. Sabree would ask the Court to impose a sentence lower than that recommended by the probation officer. Specifically, Mr. Sabree urges the Court to consider a three-year term of probation with a condition of 90 days home detention with location monitoring.

In recommending a sentence of 10 months custody, the probation officer notes that such sentence is warranted for the "safety and protection of the community." However, Mr. Sabree's involvement in the instant federal offense stemmed from his work as a tax preparer, a career which he no longer has. In fact, Mr. Sabree, who will be 77 years old on the 27th of this month, is effectively retired and has no intention of returning to the workforce. Given his current health challenges, which include chronic migraines, pain from hip replacement, high blood pressure

1 | and Type 2 Diabetes, a sentence of probation with a condition of home detention, will provide

2 | adequate punishment while allowing the defendant to address his physical ailments.

3

4 | DATED: 9/26/2025                                    **THE NIEVES LAW FIRM, APC**

5

6 | *Darryl Stallworth*

7 | _____
   Darryl Stallworth, Esq.
   *Attorney for Hakim Sabree*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

I am employed in the County of Alameda, California and am over the age of 18. I am not a
party to the within action. My business address is:

3

4

      The Nieves Law Firm, APC
      160 Franklin St., Suite 210

5

      Oakland, CA 94607

6

On _____, I served the foregoing documents described as:

7

8

**DEFENDANT'S SENTENCING MEMORANDUM**

9

10

_____ By delivering said original/true copies by hand on this day to the following:

11

12

_____ By enclosing them in envelopes and placing the envelope for collection and mailing
      following our ordinary business practices. I for am readily familiar with this business'

13

      practice for collecting and processing correspondence for mailing. On the same day that
      correspondence is placed for collection and mailing, it is deposited in the ordinary

14

      course of business with the United States Postal Service in a sealed envelope with
      postage fully prepaid. The envelopes were addressed and mailed as follows:

15

16

_____ Via Electronic Mail at:

17

18

19

I declare under penalty of perjury, under the laws of the State of California, that the above is

20

true and correct.

21

22

Executed: _____                    _____

23

                             Declarant:

24

25

26

27

28