CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

RYAN ARASH REZAEI (CABN 285133)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    ryan.rezaei@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:25-cr-00065-JST |
| Plaintiff, | **GOVERNMENT SENTENCING MEMORANDUM** |
| v. | Hearing Date: October 3, 2025 |
| HAKIM MOHAMMED SABREE, | Hearing Time: 9:30 AM |
| Defendant. | Hon. Jon S. Tigar |

On March 11, 2025, the defendant was charged in a single-count Information with Aiding or Advising the Preparation of False Income Tax Returns in violation of 26 U.S.C. § 7206(2). The defendant subsequently pled guilty to the Information, admitting in his plea agreement that he opened a tax preparation business in 2014 in Oakland, California, and that he and his employees prepared false tax returns on behalf of clients. The returns were false in that they reported various inflated or fabricated deductions. As a result of his conduct, the defendant caused the Internal Revenue Service a loss of $503,994.

Based on the factors set forth in 18 U.S.C. § 3553(a), the government recommends that the Court sentence the defendant to 90 days' imprisonment, as recommended in Paragraph 15 of the parties' plea agreement. A custodial term is needed to reflect the seriousness of the offense, promote respect for the

law, and provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2)(A). The defendant caused a tax loss of over $500,000, a not insignificant sum. And not only did the defendant cause a not insignificant tax loss, he exposed his unwitting clients to potential civil and criminal legal liability. Moreover, the defendant has a criminal history, including a federal conviction resulting in a 48-month prison sentence, although, admittedly, the defendant's conviction is dated. All of this militates in favor of a prison sentence.

While the United States believes a prison sentence is appropriate, it believes a 90-day prison sentence is sufficient but not greater than necessary to comply with the purposes listed in 18 U.S.C. § 3553(a)(2). As the defendant notes in his sentencing memorandum, he is no longer in the tax preparation business. Additionally, while the defendant's crime was serious, his apparent motive weighs in favor of a lesser sentence: the defendant apparently committed his crime to benefit his clients; by providing them satisfactory services, he could in turn hopefully obtain more clients. This differs significantly from the many other white-collar defendants held to answer for their fraud-related crimes; so often, these defendants committed their crimes for greed—to fund a lavish lifestyle.

In sum, while the defendant's crime was serious, a 90-day prison term is appropriate.

DATED: September 26, 2025              Respectfully submitted,

                                        CRAIG H. MISSAKIAN
                                        United States Attorney

                                        */S/ RYAN ARASH REZAEI*
                                        RYAN ARASH REZAEI
                                        Assistant United States Attorney